## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LARRY BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-216-JMS-DKL |
| | ) | |
| LINDA POOLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Complaint and Directing Further Proceedings

### I.

### A.

Larry Benford alleges that the defendants violated his federally secured rights while he was confined at the Wabash Valley Correctional Facility. He was a "prisoner" as defined in 28 U.S.C. § 1915(h) when the action was filed, meaning that the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Larry Benford, are construed liberally and held to a less stringent standard

than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The complaint is brought pursuant to 42 U.S.C. ' 1983. To state a claim under ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992).

### B.

Applying the foregoing standards to the complaint, certain claims must be dismissed consistent with the following:

• In Count I, Benford alleges that he has been denied participation in a substance abuse program without due process. In *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995), the Supreme Court explained that state-created liberty interests--which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* AIn the absence of such >atypical and significant= deprivations, the procedural protections of the Due Process Clause will not be triggered.@ *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). The denial of participation in a substance abuse treatment program does not constitute the loss of a protected liberty interest because it did not result in an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See, e.g., Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller,* 688 F.2d 480, 485-86 (7th Cir. 1982) (there is no constitutional mandate that prisons must provide rehabilitative programs); *cert. denied,* 459 U.S. 1150 (1983). For these reasons, **Count I is dismissed**.

• Count II alleges that the defendants' refusal to place Benford in a substance abuse program instead of the "T.C. program" to which he was referred is tantamount to the denial of adequate medical care. These allegations are insufficient for the court to draw the reasonable inference that any defendant is liable for violating the plaintiff's Eighth Amendment rights to adequate medical care. **Count II is dismissed.**

- Count III alleges that on November 6, 2010, Benford signed papers to participate in a therapeutic program but to date the plaintiff has not been transferred to participate in the program. Benford alleges that the defendants have conspired to delay his transfer in retaliation for submitting grievances against staff members. That premise—"that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer— falls short of stating a claim even under notice pleading." *Santiago v. Andersen*, 2012 WL 3164293 (7th Cir. August 6, 2012) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)). To the extent Benford alleges that the defendants conspired to violate Department of Correction policies this claim is also dismissed. Such a claim is not actionable under ' 1983, because "42 U.S.C. ' 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). **Count III is dismissed.**

- Count IV alleges that the defendants denied Benford's request to remove his name from a pending transfer list and denied him grievance forms in violation of his due process rights. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty." *American Mfr. Mut. Ins. Co. v. Sullivan,* 119 S. Ct. 977, 989 (1999) (internal quotation marks omitted). Benford's allegations fail this test. First, Benford has no liberty interest in remaining in or being transferred to a particular prison, *Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) (AClassifications of inmates implicate neither liberty nor property interests .  .  .  .@) (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Second, the failure of prison officials to properly handle Benford's grievances under the circumstances alleged is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996) (Aa state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). Accordingly, there is no viable due process claim asserted in Benford's complaint and **Count IV is dismissed**.

- Count V alleges that the defendants have violated Benford's First Amendment right to choose which rehabilitation program is best for him. Such a claim is frivolous and summarily dismissed. Benford also complains of "racist and discriminatory things that have happened to him" but such vague claims without supporting allegations are insufficient to state a plausible claim for relief. Finally, Count V alleges that defendant Burnett made unprofessional comments such as "I don't care about your family" and prepared an evaluation for use in a sentence modification procedure in response to a court order. This evaluation allegedly contains false statements about Benford. Such allegations are insufficient to state a claim upon which relief may be granted. Verbal abuse and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted

in a civil rights case. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied,* 543 U.S. 837 (2004). In addition, statements made by a witness in a criminal proceeding are afforded absolute privilege. *See Hartman v. Keri*, 833 N.E. 2d 774, 777 (Ind. 2008) ("Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements."); *Van Eaton v. Fink,* 697 N.E.2d 490, 494-95 (Ind.Ct. App. 1998) (privilege applies to subsequent proceedings). **Count V is dismissed.**

•    Count VI alleges that defendants Poole, Burnett, Brown, Leohr, and Snyder have discriminated against Benford because of his race. Specifically, they denied his request to attend his mother's funeral and removed him from his job. This claim shall proceed as submitted.

•    Count VII alleges that the defendants failed to protect him when they moved him into a cell area with inmates associated with the Arian Brotherhood. The Prison Litigation Reform Act provides that a prisoner is not entitled to recover damages for the mental and emotional "without a prior showing of physical injury." 42 U.S.C. ' 1997e(e). "Section 1997e(e) as enacted is . . . simple to understand. A 'prisoner' cannot bring an action for mental injury unless he has suffered physical injury too." *Kerr v. Punkett,* 138 F.3d 321, 323 (7th Cir. 1998). Injunctive relief is also not an available remedy because the plaintiff is no longer incarcerated and therefore can no longer obtain the relief he seeks. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."). **Count VII is dismissed.**

•    Count IX alleges that Benford was found guilty of having a cell phone without any evidence presented and as a result his out date has been jeopardized. The challenge to any disciplinary proceeding here, whether direct or indirect, is premature. See *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004); *Edwards v. Balisok,* 520 U.S. 641, 643-49 (1997). "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Edwards v. Balisok,* 520 U.S. 641 (1997). **Count IX is dismissed.**

## C.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

## II.

In summary, **Counts I-V, VII and IX are dismissed**. Counts VI and VIII shall proceed as submitted against defendants Poole, Burnett, Brown, Leohr, Snyder and Peek. All other claims against all other defendants are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants Poole, Burnett, Brown, Leohr, Snyder and Peek in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 10/23/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Linda Poole**
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

Aleta Burnett
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

Richard Brown
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

Matthew Leohr
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

Jerry Snyder
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

Bryan Peek
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle , IN 47838**

**LARRY BENFORD**
**1440 No. 23rd St,**
**Terre Haute, IN 47803**